UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 9 1998

Michael N. Milby, Clerk of Court

| | |
|---|---|
| ALEXIS M. HERMAN, Secretary of<br>Labor, United States Department<br>of Labor, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| NOMALI, INC.; MANN DRUG, INC. OF<br>VICTORIA; MANN DRUG, INC. OF<br>BROWNSVILLE; RONALD L. MANN;<br>DANNY L. MANN; AND DOUGLAS A.<br>MANN, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Civil Action  **B - 9 8 - 1 3 6**

No.

## COMPLAINT

Plaintiff, Alexis M. Herman, Secretary of Labor, United States Department of Labor,

brings this action against defendants Nomali, Inc; Mann Drug, Inc. of Victoria; Mann Drug, Inc.

of Brownsville; Ronald L. Mann; Danny L. Mann; and Douglas A. Mann, pursuant to Sections

502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement

Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., hereinafter referred to as

ERISA, for appropriate equitable and remedial relief under ERISA Sections 409 and 502(a)(5),

29 U.S.C. §§ 1109 and 1132(a)(5); to enjoin violations of the provisions of Title I of ERISA; and

to obtain other appropriate equitable relief to redress violations and to enforce the provisions of

Title I of ERISA.

I.

Jurisdiction of this action is conferred upon the Court by ERISA Section 502(e)(1), 29

U.S.C. § 1132(e)(1).

II.

Venue of this action lies in the United States District Court, Southern District of Texas,

Brownsville Division, pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

III.

Nomali, Inc. Employees 401(k) Plan (hereinafter referred to as the "Plan") is, and at all

times hereinafter mentioned was, an employee benefit plan within the meaning of ERISA Section

3(3), 29 U.S.C. § 1002(3).  The Plan was established by, and at all times hereinafter mentioned

was maintained by, an employer engaged in commerce or in an industry or activity affecting

commerce and is subject to Title I, including Title I, Part 4 of ERISA, pursuant to ERISA

Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a).

IV.

A.      Defendant Nomali, Inc. is, and at all times hereinafter mentioned was, a Texas

corporation doing business within the jurisdiction of this Court.  At all times hereinafter

mentioned, defendant Nomali, Inc., has been an employer and a plan sponsor with respect to the

Plan within the meaning of ERISA Sections 3(5) and 3(16)(B), 29 U.S.C. §§ 1002(5) and

1002(16)(B).  At all times hereinafter mentioned, defendant Nomali, Inc., had or exercised

discretionary authority, control and responsibility respecting management and administration of

the Plan and has been a fiduciary with respect to the Plan within the meaning of ERISA Section

2

3(21)(A), 29 U.S.C. § 1002(21)(A), and is a party in interest with respect to the Plan within the meaning of ERISA Section 3(14)(C), 29 U.S.C. § 1002(14)(C).

      B.    Defendant Mann Drug, Inc. of Victoria is, and at all times hereinafter mentioned was, a Texas corporation doing business within the jurisdiction of this Court. At all times hereinafter mentioned, defendant Mann Drug, Inc. of Victoria, has been an employer and a plan sponsor with respect to the Plan within the meaning of ERISA Sections 3(5) and 3(16)(B), 29 U.S.C. §§ 1002(5) and 1002(16)(B). At all times hereinafter mentioned, defendant Mann Drug, Inc. of Victoria, had or exercised discretionary authority, control and responsibility respecting management and administration of the Plan and has been a fiduciary with respect to the Plan within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and is a party in interest with respect to the Plan within the meaning of ERISA Section 3(14)(C), 29 U.S.C. § 1002(14)(C).

      C.    Defendant Mann Drug, Inc. of Brownsville is, and at all times hereinafter mentioned was, a Texas corporation doing business within the jurisdiction of this Court. At all times hereinafter mentioned, defendant Mann Drug, Inc. of Brownsville, has been an employer and a plan sponsor with respect to the Plan within the meaning of ERISA Sections 3(5) and 3(16)(B), 29 U.S.C. §§ 1002(5) and 1002(16)(B). At all times hereinafter mentioned, defendant Mann Drug, Inc. of Brownsville, had or exercised discretionary authority, control and responsibility respecting management and administration of the Plan and has been a fiduciary with respect to the Plan within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and is a party in interest with respect to the Plan within the meaning of ERISA Section 3(14)(C), 29 U.S.C. § 1002(14)(C).

D.      Defendant Roland L. Mann is a resident of Brownsville, Texas, and is subject to

this Court's jurisdiction pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

Defendant Roland L. Mann is, and at all times hereinafter mentioned was, the president of

Nomali, Inc., and a one-third owner of Nomali, Inc.  Defendant Roland L. Mann is, and at all

times hereinafter mentioned was, a trustee and administrative committee member of the

employee benefit plan described in paragraph III of this complaint, and is a fiduciary with respect

to the Plan within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and is a

party in interest with respect to the Plan within the meaning of ERISA Section 3(14)(A) and (H),

29 U.S.C. § 1002(14)(A) and (H).

E.      Defendant Douglas A. Mann is a resident of Brownsville, Texas, and is subject to

this Court's jurisdiction pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

Defendant Douglas A. Mann is, and at all times hereinafter mentioned was, a one-third owner of

Nomali, Inc.  Defendant Douglas A. Mann is, and at all times hereinafter mentioned was, a

trustee and administrative committee member of the employee benefit plan described in

paragraph III of this complaint, and is a fiduciary with respect to the Plan within the meaning of

ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and is a party in interest with respect to the

Plan within the meaning of ERISA Section 3(14)(A) and (H), 29 U.S.C. § 1002(14)(A) and (H).

F.      Defendant Danny L. Mann is a resident of Harlingen,  Texas, and is subject to this

Court's jurisdiction pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).  Defendant

Danny L. Mann is, and at all times hereinafter mentioned was, a one-third owner of Nomali, Inc.

Defendant Danny L. Mann is, and at all times hereinafter mentioned was, a trustee and

administrative committee member of the employee benefit plan described in paragraph III of this

4

complaint, and is a fiduciary with respect to the Plan within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and is a party in interest with respect to the Plan within the meaning of ERISA Section 3(14)(A) and (H), 29 U.S.C. § 1002(14)(A) and (H).

V.

A.      During the period since October 21, 1988, defendants Nomali, Inc; Mann Drug, Inc. of Victoria; Mann Drug, Inc. of Brownsville; Ronald L. Mann; Danny L. Mann; and Douglas A. Mann, fiduciaries with respect to the Plan, violated the provisions of ERISA, in that defendants:

(1) failed to discharge their duties with respect to the Plan solely in the interests of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries in violation of Section 404(a)(1)(A) of the Act, 29 U.S.C. § 1104(a)(1)(A);

(2) failed to discharge their duties with respect to the Plan solely in the interests of the participants and beneficiaries with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of the Act, 29 U.S.C. § 1104(a)(1)(B).

(3) caused the Plan to engage in a transaction which they knew or should have known constituted a direct or indirect sale or exchange, or leasing, of any property between the Plan and a party in interest, in violation of Section 406(a)(1)(A) of the Act, 29 U.S.C. § 1106(a)(1)(A).

5

(4) caused the Plan to engage in a transaction which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of any assets of the Plan, in violation of Section 406(a)(1)(D) of the Act, 29 U.S.C. § 1106(a)(1)(D).

B.      During the period since October 21, 1988, defendants Ronald L. Mann, Danny L. Mann, and Douglas A. Mann, fiduciaries with respect to the Plan, violated the provisions of ERISA, in that defendants:

(1) dealt with the assets of the Plan in their own interest or for their own account in violation of Section 406(b)(1) of the Act, 29 U.S.C. § 1106(b)(1); and

(2) acted in their individual capacity, or in any other capacity, in a transaction involving the Plan, on behalf of a party (or representing a party) whose interests are adverse to the interests of the Plan, or the interest of its participants or beneficiaries, in violation of Section 406(b)(2) of the Act, 29 U.S.C. § 1106(b)(2).

C.      These violations occurred in, but were not limited to, the following Plan transactions:

(1)      The Plan's lease of a building and land located at 4303 N. Navarro Street, Victoria, Texas, to a party in interest, in violation of Sections 404(a)(1)(A) and (B); 406(a)(1)(A) and (D); and 406(b)(1) and (2) of the Act, 29 U.S.C. §§ 1104(a)(1)(A) and (B); 1106(a)(1)(A) and (D); and 1106(b)(1) and (2); and

(2)      The Plan's lease of a building and land located at 230 Security Drive, Brownsville, Texas, to a party in interest, in violation of Sections 404(a)(1)(A) and (B);

406(a)(1)(A) and (D); and 406(b)(1) and (2) of the Act, 29 U.S.C. §§ 1104(a)(1)(A) and (B);

1106(a)(1)(A) and (D); and 1106(b)(1) and (2).

VI.

As a result of engaging in the breaches of their fiduciary responsibilities, obligations, or

duties as described in this Complaint, and by engaging in transactions prohibited by ERISA,

defendants Nomali, Inc; Mann Drug, Inc. of Victoria; Mann Drug, Inc. of Brownsville; Ronald

L. Mann; Danny L. Mann; and Douglas A. Mann, have caused the Plan to suffer financial losses,

for which they are jointly and severally liable pursuant to ERISA section 409(a), 29 U.S.C. §

1109(a).

VII.

Pursuant to the provisions of ERISA Section 405, 29 U.S.C. § 1105, defendants Nomali,

Inc; Mann Drug, Inc. of Victoria; Mann Drug, Inc. of Brownsville; Ronald L. Mann; Danny L.

Mann; and Douglas A. Mann, fiduciaries with respect to the Plan, are personally liable for the

breaches of fiduciary responsibility set forth in paragraph V above, committed by their co-

fiduciaries with respect to the Plan.

VIII.

WHEREFORE, cause having been shown, plaintiff, Secretary of Labor, prays that this

Court:

1. Permanently enjoin defendants from violating the provisions of ERISA;

2. Permanently enjoin defendants from acting as fiduciaries to the Plan or any other

employee benefit plan covered by ERISA;

7

3.  Permanently remove defendants as fiduciaries to the Plan and appoint an independent successor trustee for the Plan;

4.  Order defendants to restore to the Plan all losses, with interest thereon, resulting from breaches of fiduciary responsibilities, obligations and duties under ERISA Sections 404 and 406, 29 U.S.C. §§ 1104 and 1106, which they committed or for which they are liable;

5.  Order defendants to undo all prohibited transactions under ERISA Section 406, 29 U.S.C. § 1106, in which they engaged or for which they are liable and to restore to the Plan all profits, with interest thereon, resulting from their use of Plan assets in these transactions or for which they are liable;

6.  Award plaintiff costs of this action; and

7.  Provide such other equitable and remedial relief as may be appropriate.

MARVIN KRISLOV
Deputy Solicitor for National Operations

JAMES E. WHITE
Regional Solicitor

WILLIAM E. EVERHEART
Deputy Regional Solicitor

MARY E. WITHEROW
Counsel for ERISA

ADDRESS:

Office of the Solicitor
U.S. Department of Labor
525 Griffin St., Suite 501
Dallas, Texas  76202

CONNIE M. ACKERMANN
TX Bar No. 00786954
Trial Attorney

Telephone:  214/767-4902
Facsimile:   214/767-3445

RSOL Case No. 97-00723

Attorneys for Plaintiff.